IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER TUCKER<br>6874 Revere Rd<br>Parma Heights, OH 44130 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES** |
| KEY MEDICAL STAFFING, LLC<br>24025 Commerce Park #1<br>Beachwood, Ohio 44124 | ) ) ) ) | **Jury Demand Endorsed Herein** |
| -and- | ) ) ) | |
| KEY CLINICS, LLC<br>390 Marion Ave.<br>Mansfield, Ohio 44903 | ) ) ) ) | |
| -and- | ) ) | |
| STAN BRADY<br>2684 Ashley Road<br>Shaker Heights, Ohio, 44122 | ) ) ) ) | |
| -and- | ) ) | |
| JOEL SIEGAL<br>c/o Key Medical Staffing, LLC<br>24025 Commerce Park #1<br>Beachwood, Ohio 44124 | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Jennifer Tucker, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Tucker is a resident of the city of Parma Heights, county of Cuyahoga, state of Ohio.



2. Key Medical Staffing, LLC ("KMS") is an Ohio limited liability company with its principal place of business located at 24025 Commerce Park #1, Beachwood, OH 44124.

3. Key Clinics, LLC, ("KC") is an Ohio limited liability company with its principal place of business located at 390 Marion Avenue, Mansfield, Ohio, 44903.

4. KMS and Key Clinics have a common business purpose, a unified operation, and common ownership, and form a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and form a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. During all times material to this Complaint, KMS and Key were Tucker's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

6. KMS and Key Clinics are hereinafter referred to collectively as "Key Entities."

7. At all times referenced herein, Siegal was the owner, president, and CEO of Key Clinics.

8. At all times referenced herein, Brady was a supervisor and/or manager for the Key Entities.

9. During all times material to this Complaint, Siegel and Brady supervised and/or controlled Tucker's employment with the Key Entities, and acted directly or indirectly in the interest of the Key Entities in relation to their employees, and was employers within the meaning of section 3(d) of the FLSA. See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Tucker's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

12. This Court has personal jurisdiction over the Key because they are corporations that are registered to conduct business in this District, and at all times material to the allegations



contained herein, each conducted substantial business in this District and had sufficient minimum contacts within this District.

13. This Court has personal jurisdiction over Siegel and Brady because at all times referenced in the Amended Complaint, they maintained control, oversight, and direction over the operation of the Key, including their employment practices.

## FACTS

14. Tucker is a former employee of Key Medical and Key Clinics.

15. In or around March 2015, Key Medical and Key Clinics hired Tucker as a revenue cycle manager.

16. In or around March 2015 and April 2015, Tucker worked for Key Medical and Key Clinics by completing training.

17. Tucker was not paid for any training she completed between March 2015 and April 2015.

18. Beginning on or about May 5, 2015, Tucker started working full time for Key Medical and Key Clinics.

19. Tucker's primary duty was to entering billing codes into a data base for Key Medical's clients.

20. Despite the fact that her title was "revenue cycle manager," Tucker did not manage any employees.

21. Tucker did not have the authority to exercise discretion and independent judgment with respect to matters of significance.

22. Tucker did not have the ability to fire or hire employees.

23. Tucker did not have any input into hiring and firing decisions for Key.

24. Tucker was not exempt from receiving overtime under the FLSA because, *inter alia*, she was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.



25. Tucker was paid a salary to work up to forty hours a week.

26. Tucker worked over forty hours per week during her employment with Defendants.

27. Tucker was not paid any additional wages, to include overtime, when she worked over forty hours per week.

## COUNT I: FAILURE TO PAY OVERTIME COMPENSATION UNDER 29 U.S.C. § 207

28. Tucker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

29. Pursuant to 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week.

30. At all times during her employment with Defendants, Tucker was a non-exempt employee for purposes of 29 U.S.C. § 207.

31. Defendants willfully and/or recklessly violated 29 U.S.C. § 207.

32. Defendants failure to pay Tucker overtime was not in good faith or reasonable.

33. As a direct and proximate cause of Defendants' failure to pay Tucker her lawfully earned overtime wages, Tucker suffered damages.

34. As a direct and proximate cause of Defendants' failure to pay Tucker her lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Tucker for the full amount of the overtime wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: FAILURE TO PAY OVERTIME COMPENSATION UNDER R.C. § 4111.10(A)

35. Tucker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

36. Pursuant to R.C. § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week.

37. At all times during her employment with Defendants, Tucker was a non-exempt employee for purposes of R.C. § 4111.03(A).

38. As a direct and proximate cause of Defendants' failure to pay Tucker her lawfully earned overtime wages, Tucker suffered damages.

39. As a direct and proximate cause of Defendants' failure to pay Tucker her lawfully earned overtime wages, pursuant to R.C. § 4111.10(A), Defendants are liable to Tucker for the full amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

## DEMAND FOR RELIEF

WHEREFORE, Jennifer Tucker demands from Defendants the following:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Plaintiff such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting, Defendants or their successors from engaging in future violations of the FLSA and the Ohio Wage Act; and

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.



Respectfully submitted,

/s/ *Rachel McElroy*
Rachel McElroy (0092919)
Chris Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: rachel.mcelroy@spitzlawfirm.com
Email: chris.wido@spitzlawfirm.com

*Attorneys For Plaintiff Jennifer Tucker*



## JURY DEMAND

Plaintiff Jennifer Tucker demands a trial by jury by the maximum number of jurors permitted.

/s/ Rachel McElroy
Rachel McElroy (0092919)
Chris Wido (0090441)

